# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| REGINALD D. GOODMAN,<br><br>    Plaintiff,<br><br>v.<br><br>JOHN DOE and JOHN DOE,<br><br>    Defendants. | Case No. 25-CV-1654-JPS<br><br><br>**ORDER** |
| REGINALD D. GOODMAN,<br><br>    Plaintiff,<br><br>v.<br><br>LINDY,<br><br>    Defendant. | Case No. 25-CV-1655-JPS<br><br><br>**ORDER** |
| REGINALD D. GOODMAN,<br><br>    Plaintiff,<br><br>v.<br><br>APPLETON POLICE DEPARTMENT,<br>OFFICER VANHERN, APPLETON<br>DRUG FORCE, and GREGORY<br>PIEPER,<br><br>    Defendants. | Case No. 25-CV-1703-JPS<br><br><br>**ORDER** |

| | |
|---|---|
| REGINALD D. GOODMAN,<br><br>          Plaintiff,<br><br>v.<br><br>OFFICER A. SHUMAN, OFFICER SHUMANARD, and APPLETON POLICE DEPARTMENT,<br><br>          Defendants. | Case No. 25-CV-1843-JPS<br><br><br>**ORDER** |
| REGINALD D. GOODMAN,<br><br>          Plaintiff,<br><br>v.<br><br>RICHMOND MOTEL, DAN, APPLETON POLICE DEPARTMENT, and OFFICER VAN HERN,<br><br>          Defendants. | Case No. 25-CV-1844-JPS<br><br><br>**ORDER** |
| REGINALD D. GOODMAN,<br><br>          Plaintiff,<br>v.<br><br>BROWN COUNTY COURTS and BROWN COUNTY JAIL,<br><br>          Defendants. | Case No. 25-CV-1928-JPS<br><br><br>**ORDER** |

| | | |
|---|---|---|
| REGINALD D. GOODMAN, | | |
| Plaintiff, | | Case No. 25-CV-1929-JPS |
| v. | | |
| OWNER AND MANAGER OF JJ LAUNDROMAT, | | **ORDER** |
| Defendant. | | |

Plaintiff Reginald D. Goodman ("Plaintiff"), an inmate at the Outagamie County Jail ("OCJ"), has filed seven cases in just over a month's time. All of Plaintiff's cases are § 1983 civil rights cases and multiple are against the same groups of defendants. Specifically, Plaintiff has filed the following cases:

| Date Filed | Case Number | Disposition |
|---|---|---|
| 10/27/2025 | 25-CV-1654 | Pre-screening |
| 10/27/2025 | 25-CV-1655 | Pre-screening |
| 11/03/2025 | 25-CV-1703 | Pre-screening |
| 11/20/2025 | 25-CV-1843 | Pre-screening |
| 11/20/2025 | 25-CV-1844 | Pre-screening |
| 12/08/2025 | 25-CV-1928 | Pre-screening |
| 12/08/2025 | 25-CV-1929 | Pre-screening |

The right of access to federal courts is not absolute. *In re Chapman*, 328 F.3d 903, 905 (7th Cir. 2003) (citing *United States ex rel. Verdone v. Circuit Court for Taylor Cnty.*, 73 F.3d 669, 674 (7th Cir. 1995)). Individuals are "only entitled to meaningful access to the courts." *Id.* (citing *Lewis v. Casey*, 518

U.S. 343, 351 (1996)). "Every paper filed . . . no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." *In re McDonald*, 489 U.S. 180, 184 (1989). A federal court's inherent powers include "the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991). The All Writs Act, 28 U.S.C. § 1651(a), gives district courts the "inherent power to enter pre-filing orders against vexatious litigants." *Orlando Residence Ltd. v. GP Credit Co., LLC*, 609 F. Supp. 2d 813, 816–17 (E.D. Wis. 2009) (citing *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007)). "A filing restriction must, however, be narrowly tailored to the type of abuse, and must not bar the courthouse door absolutely." *Chapman v. Exec. Comm.*, 324 Fed. App'x 500, 502 (7th Cir. 2009) (citations omitted). "Courts have consistently approved filing bars that permit litigants access if they cease their abusive filing practices," but have "rejected as overbroad filing bars in perpetuity." *Id.* (citations omitted); *Smith v. United States Cong.*, No. 19-CV-1001-PP, 2019 WL 6037487, at *9 (E.D. Wis. Nov. 14, 2019).

Under the circumstances presented by Plaintiff having filed a large number of cases in a short time span, the Court finds it appropriate to impose a filing bar limiting Plaintiff to proceeding with only two cases before this branch of the Court at any one time, with the exception that the bar will not apply to habeas corpus petitions relating to his criminal convictions. Accordingly, the Court will order Plaintiff to file a letter with the Court within thirty days of this Order indicating which two of his seven open cases before this Court (25-CV-1654, 25-CV-1655, 25-CV-1703, 25-CV-1843, 25-CV-1844, 25-CV-1928, 25-CV-1929) he would like to proceed. The

remaining cases will then be administratively closed subject to a motion to reopen after such time as the number of Plaintiff's pending cases falls below two. Plaintiff may move to modify or rescind this bar no earlier than three years after the date of this Order. *See Smith,* 2019 WL 6037487, at *11.

Accordingly,

**IT IS ORDERED** that Plaintiff Reginald D. Goodman is **BARRED** from having more than two open cases before this branch of the Court, with the exception that the bar will not apply to habeas corpus petitions relating to his criminal convictions; the Clerk of Court shall return **UNFILED** any new cases submitted by or on behalf of Plaintiff in violation of this Order; Plaintiff may move to modify or rescind this bar no earlier than three years after the date of this Order; and

**IT IS FURTHER ORDERED** that, consistent with the terms of this Order, Plaintiff must file a letter with the Court on or before **January 12, 2026** indicating which two of his seven open cases before this Court (25-CV-1654, 25-CV-1655, 25-CV-1703, 25-CV-1843, 25-CV-1844, 25-CV-1928, 25-CV-1929) he would like to proceed.

Dated at Milwaukee, Wisconsin, this 11th day of December, 2025.

BY THE COURT:

_____

J. P. Stadtmueller
U.S. District Judge